UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor in interest to
Colonial Bank by asset acquisition
from the FDIC as receiver for Colonial
Bank,

        Plaintiff,

v.                                    Case No:  2:13-cv-25-FtM-38CM

PARK CIRCLE, LLC, GREGORY
TOTH, STEPHANIE MILLER-
TOTH and FIFTH THIRD BANK
N.A.,

        Defendants.

---

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff Branch Banking and Trust Company's ("BB&T")
Motion for Attorneys' Fees and Taxation of Costs (Doc. 57), filed on May 30, 2014.
Defendants have not filed a response, and the time to do so has expired.  BB&T
requests an award of $36,956.50 in attorneys' fees and $465.00 in costs as the
prevailing party in this case.  For the reasons set forth herein, the Court
recommends that the Motion be **GRANTED**.

---

[1] Failure to file written objections to the proposed findings and recommendations
contained in this report within **fourteen (14)** days from the date of its filing shall bar an
aggrieved party from attacking the factual findings on appeal.

## I.    Background

Defendants Gregory Toth ("Toth") and Stephanie Miller-Toth ("Miller"), the sole members of Defendant Park Circle, LLC ("Park Circle"), defaulted on a promissory note that was granted to Park Circle and owned by BB&T.   Both Miller and Toth were required to sign a personal guaranty promising payment of any amount due on the note.   On January 15, 2013, BB&T brought the instant action against Toth and Miller jointly and severally for damages for their default.   Neither Park Circle nor Miller responded to the Complaint.   On April 1, 2013, Clerk's Defaults were issued against Park Circle (Doc. 24) and Miller (Doc. 25), leaving Gregory Toth as the sole active Defendant in this case.

On May 8, 2014, the Court entered an Order granting BB&T's Motion for Final Summary Judgment, awarding BB&T damages in the amount of $125,918.75 and interest of $36,548.20 through January 3, 2013, plus $6,822.82 in late fees for a total deficiency judgment award of $169,289.77, with additional per diem rate of interest of $62.10 accruing thereafter.   Doc. 54.   The Court reserved ruling on the entry of attorneys' fees and costs and directed Plaintiff to submit within 21 days of the entry of judgment a motion for attorneys' fees and costs, providing documentation detailing hours worked and a description of the work performed for each hourly entry.   *Id.* Judgment was entered on May 9, 2014.   Doc. 55.   Plaintiff is the prevailing party in this action.

## II.   Discussion

Plaintiff alleges that pursuant to the terms of the General, Continuing and Unconditional Guaranty ("Guaranty") sued upon in this action and attached to the Motion as Exhibit A, the Defendants are liable for the attorneys' fees that BB&T has incurred in prosecuting this action.   Specifically, the Guaranty provides, in pertinent part:

> 14.   Attorney's Fees.   All payments, advances, charges, costs and expenses, including reasonable attorneys' fees and appellate attorney's fees, made or incurred by Creditor [BB&T] in the enforcement of this Guaranty or in the collection of any of the Guaranteed Indebtedness, regardless of the forum of the dispute and including, but not limited to, arbitration, shall be paid by Guarantor to Creditor immediately upon demand.

Doc. 57-1 at ¶ 14.   Plaintiff has submitted the detailed time sheets of Roetzel & Andress, attached to the Affidavit of Attorneys' Fees, showing that the attorneys' and paralegal fees incurred by BB&T in prosecuting this action amount to $36,956.50 through April 30, 2014.   In addition to attorneys' fees, BB&T asserts that it has incurred $465.00 in recoverable costs, detailed in its Bill of Costs at Doc. 56.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).   In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours

across the board.   *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The court must exclude hours that were not reasonably expended and hours that are redundant, excessive, or otherwise unnecessary.   *Hensley*, 461 U.S. at 434.   The party requesting the fee should submit documentation in support of the request.   *Id.* at 433.   If the documentation in support of the request is inadequate, the court may reduce the award accordingly.   *Id.*

The Court finds that pursuant to the Guaranty, Plaintiff, as the prevailing party, is entitled to reasonable attorneys' fees and costs.   Thus, the Court will consider whether the hourly rate and time expended in this matter are reasonable.

### a.   *Reasonable Hourly Rate*

In support of its request, Plaintiff submitted an Attorney Affidavit, attaching time sheets and the background and qualifications of the attorneys that worked on this case.   Doc. 57-2 at 29-35.   Plaintiff seeks the following rates for both attorney and paralegal time as set forth in the Attorney Affidavit (Doc. 57-2):[2]

| | | | |
|---|---|---|---|
| Attorney W. Glenn Jensen | 12.6 hours | @ $335.00 per hour | $4,221.00 |
| Attorney W. Glenn Jensen | 4.4 hours | @ $340.00 per hour | $1,496.00 |
| Attorney Shayne A. Thomas | 16.3 hours | @ $245.00 per hour | $3,993.50 |
| Attorney Shayne A. Thomas | 51.6 hours | @ $325.00 per hour | $16,770.00 |

---

[2] The Court notes that attorneys Jensen, Thomas, and Malani's hourly rates were increased during the year and a half this case was pending.

| | | | |
|---|---|---|---|
| Attorney Mychal J. Katz | 4.6 hours | @ $225.00 per hour | $1,035.00 |
| Attorney M. Robert Malani | 19.2 hours | @ $225.00 per hour | $4,320.00 |
| Attorney M. Robert Malani | 15.8 hours | @ $235.00 per hour | $3,713.00 |
| Paralegal Connie Gibson | 2.5 hours | @ $110.00 per hour | $275.00 |
| Paralegal David Perrow | 7.1 hours | @ $110.00 per hour | $781.00 |
| Paralegal Jack Stephens | 0.3 hours | @ $110.00 per hour | $33.00 |
| Paralegal Alana Frutaci | 2.9 hours | @ $110.00 per hour | $319.00 |
| **TOTAL** | | | $36,956.50 |

The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). The prevailing market rate in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida. *See Olesen-Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009).

Upon review of the time sheets, the Court finds that the attorneys' hourly rates given their experience are in line with the prevailing rate in the Fort Myers, Florida market.[3]   The highest amount requested is $340.00 an hour by attorney W. Glenn Jensen who has been practicing law for 17 years, focusing in the areas of bankruptcy, creditors' rights, and commercial litigation.   Doc. 57-2 at 29.   This Court has previously determined that $350.00 an hour is a reasonable rate in the Fort Myers, Florida market for an attorney of such experience.   *See Kountze v. Kountze*, 2:12-cv-308-FtM-29DNF, Doc. 48 (M.D. Fla. Oct. 30, 2012).   Further, attorney Shayne A. Thomas has been practicing law for 13 years, focusing on business litigation and creditors' rights.   Doc. 57-2 at 32.

Counsel also seeks $110.00 an hour for paralegal work.   Plaintiff provided no information regarding the paralegals' experience, but a review of the time sheets reveals that the paralegals often performed legal rather than clerical tasks, such as drafting requests for clerk's defaults, preparing summons, and creating a privilege log.   Doc. 57-2 at 6, 8, 10, 22, 23.   Thus, the Court finds a rate of $110.00 an hour to be reasonable.

### b.   *Reasonable Number of Hours Worked*

Plaintiff has provided time sheets showing that 124.5 attorney hours and 12.8 paralegal hours were expended to prosecute this action through summary judgment. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel.   *Duckworth v. Whisenant*,

---

[3] The attorneys are located in the Orlando office of the Roetzel & Andress law firm.

97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman*, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id.* (citing *Norman*, 836 F.2d at 1301-02).

Upon review of the time sheets, the Court finds that they are sufficiently detailed for the Court to consider whether the time expended was reasonable. Because this case proceeded through discovery and summary judgment; depositions were taken and mediation was held, the Court finds the hours expended to be reasonable. There were no entries for clerical as opposed to legal work that should be deleted as unreasonable for this case.

### c.   Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

BB&T seeks $465.00 in costs pursuant to 28 U.S.C. § 1920, which include the $350.00 filing fee and a $115.00 fee for private process service of three summons (approximately $38.00 each). Doc. 56. Private process server fees may be taxed pursuant to Section 1920; however, such costs may only be taxed to the extent they "do not exceed the statutory fees authorized in section 1921," for service by the U.S. Marshal which is $65.00 per hour for each item served plus travel costs and out-of-pocket expenses. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 C.F.R. § 0.114. In this case, BB&T is only seeking $38.00 for summons service. Thus, the amount will be awarded. Further, the $350.00 filing fee is considered fees of the clerk that have not been objected to and should be awarded.

III.   Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Plaintiff Branch Banking and Trust Company's Motion for Attorneys' Fees and Taxation of Costs (Doc. 57) be **GRANTED**

and Plaintiff be awarded $36,956.50 in attorney and paralegal fees; and $465.00 in costs.

      **DONE** and **ENTERED** in Fort Myers, Florida on this 8th day of July, 2014.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record