UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor in interest to
Colonial Bank by asset acquisition
from the FDIC as receiver for Colonial
Bank,

      Plaintiff,

v.                                                            Case No:  2:13-cv-25-FtM-38CM

PARK CIRCLE, LLC, GREGORY
TOTH, STEPHANIE MILLER-
TOTH and FIFTH THIRD BANK
N.A.,

      Defendants.

_____

## ORDER

Before the Court is Defendant Gregory Toth's ("Toth") Claim of Exemption and

Request for Hearing (Doc. 79), filed on August 4, 2014 and Plaintiff Branch Banking

and Trust Company's ("BB&T") Sworn Statement Contesting Claim of Exemption

Filed by Gregory Toth (Doc. 80), filed on August 6, 2014.   For the reasons stated

herein, Toth's claim of exemption from garnishment is denied as untimely.

On May 8, 2014, summary judgment was entered in favor of BB&T against the

Defendants, including Toth.   Doc. 54.   Judgment was entered on May 9, 2014 in the

amount of $125,918.75, with interest of $36,548.20 through January 3, 2013, plus

$6,822.82 in late fees, for a total deficiency judgment award of $169,289.77, with

additional per diem rate of interest of $62.10 accruing thereafter.    Doc. 55.    BB&T also was awarded $36,956.50 in attorney's fees and $465.00 in costs.    Doc. 81.

On June 9, 2014, BB&T filed *ex parte* motions for writs of garnishment (Docs. 60, 62) directed to garnishees Fifth Third Bank ("Fifth Third") and PNC Bank ("PNC") regarding bank accounts believed to be held by Toth.    Pursuant to Federal Rule 69, enforcement of a judgment shall be through writ of execution unless the court directs otherwise.    The court may order other remedies that accord with the procedure of the state where the court is located.    Fed. R. Civ. P. 69(a)(1).    "Under Fed. R. Civ. P. 69, state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law."    *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997).

Florida law provides for the remedy of garnishment pursuant to Fla. Stat. § 77.01 *et. seq.*    Accordingly, the Court granted the writs of garnishment (Doc. 66), requiring BB&T to follow all provisions, including notice requirements, as set forth in Fla. Stat. § 77.041.    On June 18, 2014, Fifth Third filed their answer to the writ of garnishment, stating that it was not in possession of any accounts for Toth.    Doc. 67.    PNC was served with the writ of garnishment on June 16, 2014 (Doc. 69), and although a garnishee has 20 days after service of the writ to answer, PNC has yet to file an answer.    Fla. Stat. § 77.04.

As required under Fla. Stat. § 77.041, on June 19, 2014, BB&T sent notice of the writs of garnishment and a copy of the "Notice to Defendant of Right Against

Garnishment of Wages Money, and Other Property Claim of Exemption and Request of Hearing" ("claim of exemption") form to Toth and his counsel.   Doc. 71.   Although Toth completed and signed the claim of exemption the next day, inexplicably it was not filed by his counsel until August 4, 2014.   Doc. 79.   Toth claims that his disability income benefits are exempt from garnishment and requests a hearing to decide the validity of his claim.   *Id.*   BB&T filed its objection to the claim of exemption on August 6, 2014.   Doc. 80.

Pursuant to Florida statute, a defendant is entitled to a hearing as soon as possible after their claim of exemption and request for hearing is received by the court, provided that plaintiff files a *timely* objection to the claim of exemption.   Fla. Stat. § 77.041(3) (emphasis added).   The statute requires defendant to file the claim of exemption and request for hearing with the clerk's office within 20 days after receipt of the notice of garnishment.   Fla. Stat. § 77.041(1).   The plaintiff must thereafter object within 8 business days if the claim of exemption was hand delivered and 14 business days if it was served by mail.   *Id.*   If plaintiff files a timely objection to the claim of exemption, the clerk then notifies the parties of the time and date of the hearing.   *Id.*

In this case, if Toth wished to claim an exemption from garnishment, it was due to be filed with the Clerk's office by July 9, 2014, 20 days after receipt; yet it was not filed by Toth's counsel until August 4, 2014.   Doc. 79.   "Garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute."   *Zivitz v. Zivitz*, 16 So.3d 841, 847 (Fla. 2d DCA 2009).   Similar to this

case, the defendant in *Zivitz* failed to file a timely exemption claim.   *Id.* at 846.   The

trial court struck the belated filings and order and the garnishee to disburse the

monies being held.   *Id.*   Interpreting the statute, the appellate court stated:

> Here, section 77.041(1) clearly provides that a garnishment defendant
> must complete and file a claim of exemption and request for hearing
> within twenty days after receiving a notice of garnishment or else he
> may lose important rights to his property.   The word "must" typically
> implies a command or requirement.   Therefore, the garnishment
> statute commanded or required Robert to timely assert any applicable
> exemptions – including the homestead exemption – to protect the
> monies at issue.   To interpret the statute otherwise would render
> meaningless the time requirements established in the statute for filing
> claims of exemptions and would result in garnishment defendants filing
> untimely exemption claims.   Such a result would prolong garnishment
> proceedings and would go against the long-established principle that
> courts should avoid construing a statute in a manner that renders a
> portion of the statute meaningless.   We also note that section 77.041
> does not provide a procedure for a garnishment defendant to file an
> untimely exemption claim.   Rather, it warns that the person can lose
> important rights by failing to file a timely exemption.   Therefore, the
> trial court's interpretation of the statute was correct.

*Id.* at 847 (internal citations omitted).   Applying the principles of strict construction,

the appellate court concluded that under the facts of the case and the clear language

of the garnishment statute, defendant abandoned his exemption claim by failing to

timely file the claim.   *Id.* at 848.

In this case, Toth's claim of exemption was filed with the Clerk nearly one

month after the 20-day deadline set forth in the garnishment statute, which *requires*

that the claim be timely filed.   Doc. 79.   Thus, the claim of exemption is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant Gregory Toth's Claim of Exemption and Request for Hearing (Doc.

79) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record